UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ORTHOPEDIC MEDICAL CHANNELS, LLC

**CV-13 6923**

Docket No.:

Plaintiff(s),

**COMPLAINT**

-against-

MEDICAL FACETS NC, LLC

**SPATT, J.**

Defendant(s).
-------------------------------------------------X

BROWN, M. J.

Plaintiff, ORTHOPEDIC MEDICAL CHANNELS, LLC, as and for its complaint against defendant, MEDICAL FACETS NC, LLC, by and through its undersigned counsel, alleges as follows:

<u>JURISDICTION AND VENUE</u>

1.  This Court has jurisdiction over this action under 28 U.S.C. 1332(a)(1). There is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000,000.00 exclusive of interest and costs.

2.  This Court has jurisdiction over this action under 28 U.S.C. 1338(a). The action involves a dispute concerning a patent.

3.  This Court has personal jurisdiction over defendant because defendant conducts business in the State of New York.

4.  This Court has personal jurisdiction over this action because a substantial part of the events or omissions giving rise to plaintiff's claim occurred in this district. The patent that is the subject of plaintiff's action is situated in this district.

5.  Plaintiff, Orthopedic Medical Channels, LLC., maintains its principal place of business in this district.

6.  Venue is proper in this district under 28 U.S.C. 1391 (b)(1) and 1391(b)(2).

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  DEC 09 2013  ★

LONG ISLAND OFFICE

## PARTIES

7.     Plaintiff, Orthopedic Medical Channels, LLC is a New York limited liability company.

8.     Defendant, Medical Facets NC, LLC, is a North Carolina limited liability company.

9.     Defendant conducts business in the State of New York.

## NATURE OF CASE

10.     Plaintiff is the owner of U.S. Patent No. 8,535,358 for the invention titled "Bone Screw and Method for Manufacturing the Same" (the "Patent"). The bone screw is an orthopedic medical bone screw with channel threading ("Channel Bone Screw").

11.     Defendant has claimed it has a right, title, and/or interest in and to the Patent.

12.     Defendant has claimed that it has a license to use, manufacture, sell, distribute and license the Channel Bone Screw.

13.     On or about February 9, 2012, Wayne Willert and Andrea Willert filed with the United States Patent and Trademark Office ("USPTO") an application for the Channel Bone Screw. The patent application was designated Application No. 13/369,760.

14.     On or about February 9, 2012, Wayne Willert and Andrea Willert assigned to Medical Facets, LLC, a New York limited liability company, all right, title and interest in and to any and all improvements disclosed in Application No. 13/369,760.

15.     Medical Facets, LLC and defendant are separate corporate entities. Medical Facets, LLC is a New York limited liability company, and defendant, Medical Facets NC LLC, is a North Carolina limited liability company.

16.     The February 9, 2012 assignment did not result in any right, title and/or interest in or to the Patent being assigned to defendant.

2

17.     During prosecution of the patent application, certain claims were withdrawn as a result of the U.S. Patent office's requirement for the same.

18.     On or about September 11, 2013, Medical Facets, LLC assigned to plaintiff, Orthopedic Medical Channels, LLC, all right, title and interest to any and all improvements, which are disclosed in Application No. 13/369,760.

19.     On or about September 17, 2013, in connection with Application No. 13/369,760, the USTPO issued the Patent (U.S. Patent No. 8,535,358).

20.     After the Patent was issued, defendant claimed a right, title and/or interest in and to the Patent.

21.     After the Patent was issued, defendant claimed it has a license to the Patent.

22.     On or about February 10, 2011, defendant entered into a Technology Licensed Agreement ("TLA") with Medical Facets, LLC, a New York limited liability company.

23.     Pursuant to the TLA, Medical Facets, LLC granted to defendant a license to use, market, sell and manufacture faceted thread form medical devices.

24.     The issued claims of the Patent are for an invention that is not a faceted thread form medical device.

25.     The issued claims of the Patent are for an invention that is a channel thread form medical device.

26.     Defendant does not have a license for the Patent.

27.     Plaintiff has a right to exclude others from practicing the Patent.

28.     Plaintiff is engaged in the business of manufacturing, selling and distributing Channel Bone Screws.

29.     Defendant is engaged in the business of manufacturing, selling, distributing and licensing medical devices, including bone screws.

3

30.     Defendant does not have any right, title or interest in the Patent.

31.     Plaintiff has not authorized defendant to use the Patent.

### FIRST CAUSE OF ACTION
### (CONVERSION)

32.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

33.     Plaintiff owns the Patent.

34.     Defendant has exercised dominion and control over the Patent.

35.     Plaintiff has not authorized or permitted defendant to exercise dominion and control over the Patent.

36.     Defendant has interfered with plaintiff's use of the Patent.

37.     As a direct and proximate result of defendant's willful, wanton and reckless exercise of dominion and control over and interference with the Patent, plaintiff is entitled to compensatory damages and/or restitution and disgorgement in such amounts as will be proven at trial, in excess of $200,000.00 as well as punitive damages.

38.     Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction enjoining and prohibiting defendant from further exercising dominion and control over and interfering with plaintiff's rights in the Patent.

4

## SECOND CAUSE OF ACTION
## (PATENT INFRINGEMENT)

39.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

40.     Defendant makes, uses, offers and/or sells Channel Bone Screws.

41.     Defendant intends to make, use, offer and/or sell Channel Bone Screws.

42.     Defendant has interfered with plaintiff's use of the Patent.

43.     Defendant has infringed upon the Patent.

44.     Defendant's infringement is and has been willful, intentional, purposeful and in disregard of the rights of plaintiff.

45.     As a direct and proximate result of defendant's willful, wanton and reckless infringement and control over and interference with the Patent, plaintiff is entitled to compensatory damages in such amounts as will be proven at trial, in excess of $200,000.00 as well as punitive damages.

46.     Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction enjoining and prohibiting defendant from further infringement and control over and interfering with plaintiff's rights in the Patent.

## THIRD CAUSE OF ACTION
## (UNFAIR COMPETITION)

47.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

5

48.     Plaintiff possesses exclusive ownership interest in and to the Patent. Those ownership rights are protected under New York State law.

49.     Plaintiff is engaged in the business of manufacturing, selling and distributing Channel Bone Screws.

50.     Through the conduct described above, defendant is violating plaintiff's rights in the Patent and Channel Bone Screws, and is guilty of unfair competition under the common law of the State of New York.

51.     By the foregoing facts, defendant is unfairly competing with plaintiff's use, sale, distribution, and exploitation of the Patent and Channel Bone Screws, and otherwise taking advantage of and undermining plaintiff's substantial creative and financial investment therein, and unfairly misappropriating plaintiff's rights to the Patent and Channel Bone Screws for defendant's own commercial benefits.

52.     As a direct and proximate result of defendant's willful, wanton and reckless engagement in unfair competition, the plaintiff has been damaged, and defendant has been unjustly enriched, in an amount to be proved at trial for which damages and/or restitution and disgorgement are appropriate. Plaintiff is additionally entitled to punitive damages. As a direct and proximate result of defendant's conduct, the plaintiff is further entitled to recover all proceeds and other compensation received or to be received by defendant arising from defendant's infringement of the Patent and Channel Bone Screws in excess of $200,000.00.

53.     Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law and is entitled to injunctive relief prohibiting defendant from further violating plaintiff's rights in the

Patent.

## FOURTH CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

54.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

55.     By the foregoing facts, plaintiff is entitled to a declaratory judgment that (a) defendant has no right, title and/or interest in the Patent and (b) the TLA does not grant defendant a license to the Patent or to products developed from the Patent, including Channel Bone Screws.

## FIFTH CAUSE OF ACTION
## (PERMANENT INJUNCTION)

56.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

57.     Plaintiff possesses exclusive ownership interest in and to the Patent.

58.     Defendant is claiming a right, title and/or interest in and to the Patent.

59.     Defendant is infringing upon the Patent.

60.     Plaintiff has and will suffer loss of market share, brand name recognition, reputation as an innovator and goodwill.

61.     It is impossible to quantify the economic injury to plaintiff resulting from defendant's conduct.

62.     Plaintiff has and will suffer irreparable injury.

63.     Plaintiff does not have an adequate remedy at law.

7

64.    Plaintiff sustained injury in the form the loss of right to exclude others from using the Patent. That loss cannot be remedied by the payment of money damages.

65.    The balance of hardship weighs in favor of plaintiff.

66.    Plaintiff stands to lose a great deal if a permanent injunction is not issued.

67.    Plaintiff will be deprived of its right to exclude others from using the Patent.

68.    Plaintiff will lose market advantage.

69.    Plaintiff will have a difficult time having others invest in and/or do business with plaintiff while defendant is claiming a license to the Patent and Channel Bone Screws.

70.    The public interest would be best served by issuing a permanent injunction.

71.    Injunctive relief, by vindicating the right to exclude use of a Patent, maintains the integrity of the patent system as created by Congress.

72.    Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction enjoining and prohibiting defendant from further infringement and control over and interfering with plaintiff's rights in the Patent.

## TRIAL BY JURY

Plaintiff, Orthopedic Medical Channels, LLC., hereby demands a trial by jury.

WHEREFORE, plaintiff, Orthopedic Medical Channels, respectfully demands judgment against defendant as follows:

      a.  For a declaratory judgment that defendant has no right, title and/or interest in the Patent and the TLA does not grant defendant a license to the Patent and/or to products developed from the Patent, including Channel Bone Screws;

      b.  For the permanent injunction sought herein;

c. On its First Cause of Action for compensatory damages and/or restitution and disgorgement in such amounts as will be proven at trial in excess of $200,000.00, as well as punitive damages, and a permanent injunction;

d. On its Second Cause of Action for compensatory damages and/or restitution and disgorgement in such amounts as will be proven at trial in excess of $200,000.00, as well as punitive damages, and a permanent injunction;

e. On its Third Cause of Action to recover all proceeds and other compensation received or to be received by defendant arising from defendant's infringement of the Patent and Channel Bone Screws in excess of $200,000.00 and a permanent injunction;

f. On its Fourth Cause of Action for a declaratory judgment that (a) defendant has no right, title and/or interest in the Patent and (b) the TLA does not grant defendant a license to the Patent or to products developed from the Patent, including Channel Bone Screws;

g. On its Fifth Cause of Action for a permanent injunction enjoining and prohibiting defendant from further infringement and control over and interfering with plaintiff's rights in the Patent;

h. For reasonable attorneys' fees, the costs of this action and such other costs the Court deems adequate; and

i. For such other relief as this Court deems just and proper.

Dated: Bellmore, New York
       December 5, 2013

Yours etc.,

JAMES J. CORBETT, PC

By: _____

James J. Corbett (JC6658)
*Attorney for Plaintiff,*
*Orthopedic Medical Channels, LLC*
254 Pettit Avenue
Bellmore, NY 11710
(516) 679-9494

To:   Medical Facets NC, LLC
      1283 Audobon Drive
      Gastonia, N.C. 28054

9